961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie LEE and Mackey Lee, Individually and as Parents and
Natural Guardians of Michael Lee, a Minor,
Plaintiffs-Appellants,
v.
RICHARDSON-MERRELL, INC., A Delaware Corporation, Defendant-Appellee.
 No. 91-5369.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1992.
 
 Before BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal in a diversity action brought under Tennessee law by plaintiffs Ronnie and Mackey Lee on behalf of their minor child, Michael Lee, against defendant Richardson-Merrell, Inc. ("Merrell"). The Lees contend that Michael's birth defect, a limb reduction defect, was caused by his mother's ingestion during pregnancy of the Merrell product Bendectin. The district court granted summary judgment in favor of Merrell. We affirm.
 
 
 2
 The plaintiffs allege that Mackey Lee ingested the anti-nausea drug Bendectin on or about September 21, 1973, when she was about seven weeks pregnant with Michael Lee. Michael was born on March 27, 1974, with various limb deformities characterized by shortness and webbing of his fingers and generalized smallness of his hands. The Lees assert that Mackey Lee ingested no other drugs during this period of time and that Michael's birth defects are not genetic. The plaintiffs submit that Mackey Lee's ingestion of Bendectin during the time that Michael's limbs were beginning to develop was the proximate cause of Michael's birth defects.
 
 
 3
 Merrell filed a motion for summary judgment alleging that all relevant epidemiological studies indicate that there is no statistically significant link between the use of Bendectin and the type of birth defects suffered by Michael Lee. Merrell asserted that these human epidemiological studies comprised the only competent evidence on the issue of whether Bendectin is a teratogen (a substance capable of causing birth defects).
 
 
 4
 The Lees submitted contrary scientific testimony which concluded that Bendectin was a teratogen based on (1) chemical structure analyses of Bendectin's antihistamine component, doxylamine succinate; (2) in vitro (test tube) studies; (3) in vivo (animal) studies; and (4) criticism and reanalysis of various epidemiological studies submitted by Merrell. The Lees argued that their scientists possessed the requisite "knowledge, skill, training, education, and experience" to qualify as experts and that their opinions were based on "the type of data generally and reasonably relied upon by experts in the particular field."
 
 
 5
 After a thorough review of the proffered testimony, the district court determined that the Lees had not produced sufficient evidence of causation to preclude summary judgment. This appeal followed.
 
 
 6
 The Lees offered the opinion of seven experts to establish that Bendectin was a teratogen and that Mackey Lee's ingestion of Bendectin caused Michael Lee's birth defects. These scientists possess expertise in fields ranging from developmental biology and reproductive epidemiology to biostatistics and pharmacology. Collectively, the Lees' experts would offer testimony concluding that to a reasonable degree of certainty Bendectin is associated with limb defects.
 
 
 7
 In response to this expert testimony, defendant Merrell submits that human epidemiological studies demonstrate an absence of any significant causal link connecting Bendectin use with birth defects. To support this position, Merrell submitted summaries of over thirty epidemiologic studies, none of which demonstrate a connection between Bendectin and birth defects.
 
 
 8
 As noted above, the Lees' experts rely on chemical structure analyses of doxlyamine succinate, in vitro and in vivo studies and reanalyses of human epidemiological data. We conclude that a finding of a causal relationship between Bendectin use and Michael Lee's birth defects based upon this evidence would be conjectural at best in light of this court's recent opinion in Turpin v. Merrell Dow Pharmaceuticals, Inc., No. 90-5690 (6th Cir. March 11, 1992). In Turpin, another panel of this court reviewed the scientific data on Bendectin in great detail and concluded that the evidence presented by the plaintiffs' experts fell short of showing that "Bendectin more probably than not causes limb defects in children born to mothers who ingested the drug at prescribed doses during pregnancy." Slip op. at 24.
 
 
 9
 The evidence presented by the Lees in the instant case is identical in all material respects to the evidence relied upon by the plaintiffs in Turpin. Compare Jt.App. 2040-2092 (Affidavits of Drs. Glasser, Gross, Crescitelli and Swann) with Turpin, slip op. 9-22 (identical testimony by affidavit). The plaintiffs' experts in both cases are the same. In both cases, the experts reach their conclusions based upon their reanalyses of prior epidemiological studies and the use of animal studies to predict Bendectin's teratogenic effects in human beings. For the reasons stated in Turpin, we view this testimony as unable to bridge "[t]he analytical gap between the evidence presented and the inferences to be drawn on the ultimate issue of human birth defects...." Slip op. at 24. In short, the plaintiffs' scientific evidence, taken as whole, fails to create a genuine issue of material fact. Consequently, summary judgment for the defendant on the issue of causation was appropriate. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989) (respondent must produce evidence supporting every essential element of his or her case to prevent summary judgment).
 
 
 10
 We have examined the entire record in this case and we can find no material difference between this case and Turpin. We further find that without such evidence the plaintiffs cannot prove that Michael Lee's birth defects were caused by his mother's ingestion of Bendectin. Given this conclusion we need not address Merrell's remaining arguments or the district court's alternative holding excluding plaintiffs' evidence. Accordingly, for the reasons as fully stated in this court's opinion in Turpin, the district court's grant of summary judgment in favor of defendant Merrell is AFFIRMED.