**James Albert ELKINS, Sr., et al.**

v.

**RICHARDSON–MERRELL, INC.**

No. 3:91–0167.

United States District Court,
M.D. Tennessee,
Nashville Division.

July 31, 1992.

Barry J. Nace, Paulson, Nace, Norwind & Sellinger, Washington, DC, George Ellis Copple, Nashville, TN, for plaintiffs.

Frank Woodside, Stephen Rosenberger, Frederick M. Erny, Dinsmore & Shohl, Cincinnati, OH, R. Franklin Norton, Norton & Luhn, Knoxville, TN, for defendant.

*MEMORANDUM*

HIGGINS, District Judge.

The Court has before it the Report and Recommendation of the Magistrate Judge (entered March 19, 1992; Docket Entry No. 31), the plaintiff's objections thereto (filed April 7, 1992; Docket Entry No. 33), and the defendant's response to the plaintiff's objections (filed April 15, 1992; Docket Entry No. 35). After having reviewed the entire record, and for the reasons stated below, the Court adopts and approves the Report and Recommendation in all regards. The plaintiff's objections are overruled. Therefore, the defendant's motion for summary judgment (filed June 24, 1991; Docket Entry No. 14) shall be granted.

## I. DISCUSSION

This action was filed by James Albert Elkins, Sr., and Mary Jo Elkins, individually and as parents and natural guardians of James Albert Elkins, II. The plaintiffs allege that Mary Jo Elkins took the prescription drug Bendectin, which was manufactured by the defendant, to treat the symptoms of morning sickness while pregnant. They further allege that James Elkins, II, was born with severe birth defects because of his mother's ingestion of Bendectin while pregnant.

The claims of the plaintiffs, James Elkins, Sr., and Mary Jo Elkins, were dismissed with prejudice by stipulation. *See* stipulation of dismissal (entered May 17, 1991; Docket Entry No. 7); Order (entered June 27, 1991; Docket Entry No. 18). Therefore, only the claims of James Elkins, II, remain. The defendant Merrell filed its motion for summary judgment on June 24, 1991 (Docket Entry No. 14), arguing that

there is no admissible evidence sufficient to raise a triable issue of fact as to whether Bendectin is capable of causing birth defects. Since plaintiff cannot establish that Bendectin is capable of causing birth defects in general, he cannot, as a matter of law, establish that Bendectin was a proximate cause of his birth defects.

Memorandum of law in support of defendant Merrell Dow's[1] motion for summary judg-

---

1. Merrell–Dow has changed its name to Richardson–Merrell and will be referred to as "Merrell" throughout this memorandum.

ment at 3 (filed June 24, 1991; Docket Entry No. 16).

The Magistrate Judge recommended granting Merrell's motion for summary judgment, based on the similarities between this case and the recently decided case of *Turpin v. Merrell–Dow Pharmaceuticals, Inc.*, 959 F.2d 1349 (6th Cir.1992). Report and Recommendation at 998–99. In *Turpin*, the Sixth Circuit Court of Appeals exhaustively discussed the wealth of scientific studies, proffered by both parties, which have been performed to determine whether Bendectin causes birth defects. *See Turpin*, 959 F.2d at 1353–59. The Court of Appeals affirmed the decision of the district court to grant summary judgment for the defendant, concluding that

> the plaintiffs' experts stop short of testifying that Bendectin more probably than not caused the birth defects in babies. They stop short because they have no factual or theoretical basis for a stronger hypothesis.
> . . . .
> The analytical gap between the evidence presented and the inferences to be drawn on the ultimate issue of human birth defects is too wide. Under such circumstances, a jury should not be asked to speculate on the issue of causation.

*Id.* at 1359, 1360. Thus, the Court did not rule out the possibility that Bendectin may be proven to cause birth defects in humans. It merely concluded that the evidence before it was not sufficient to allow the jury to decide the issue of causation. *See id.* at 1359.

Similarly, in *Lee v. Richardson–Merrell*, No. 91–5369, 1992 WL 92750 (6th Cir., April 22, 1992) (unpublished disposition), another panel of the Sixth Circuit affirmed the district court's grant of summary judgment in favor of the defendant, concluding "that a finding of a causal relationship between Bendectin use and [the injured plaintiff's] birth defects based upon this evidence would be conjectural at best in light of this court's recent opinion in [*Turpin* ]." *Id.*, slip op. at 3. The *Lee* case is virtually identical to this case. In the memorandum in support of the motion to consolidate the two cases, the plaintiffs stated that "the complaints [in the

*Lee* and *Elkins* cases] are nearly identical in substance . . . ." Memorandum of points and authorities in support of plaintiffs' motion to consolidate at 1, filed as exhibit 1 to the supplement to the memorandum in support of Merrell's motion for summary judgment (filed May 12, 1992; Docket Entry No. 36). The plaintiffs also asserted as grounds for consolidation that

> [d]iscovery of all of the defendant's witnesses has been essentially completed except for a few experts. In the *Lee* case and it is anticipated that the same witnesses will be utilized in the *Elkins* case. [Sic.] On the other hand, all of the plaintiffs' witnesses in the *Elkins* and *Lee* cases will be the same except for some brief individual witnesses on damages and the parents.

*Id.* at 2. Given the admitted similarity between the *Lee* case and this case, and having found no material differences in the two cases during its own review, the Court grants Merrell's motion for summary judgment.

## II. CONCLUSION

For the reasons stated above, the Court adopts and approves the Magistrate Judge's Report and Recommendation in all regards. Therefore, the defendant's motion for summary judgment shall be granted.

An appropriate order shall be entered.

## ORDER

HIGGINS, District Judge.

In accordance with the memorandum contemporaneously entered, the Report and Recommendation of the Magistrate Judge (entered March 19, 1992; Docket Entry No. 31) is adopted and approved in all regards. The plaintiff's objections thereto (filed April 7, 1992; Docket Entry No. 33) are overruled.

Therefore, the defendant's motion for summary judgment (filed June 24, 1991; Docket Entry No. 14) is granted. All issues before the Court having been disposed on their merits, this case is dismissed with prejudice.

It is so ORDERED.

## REPORT AND RECOMMENDATION

HAYNES, United States Magistrate Judge.

## I. INTRODUCTION

This civil action was referred to the Magistrate Judge by the Honorable Thomas A. Higgins, District Judge by Order entered August 9, 1991 (Docket Entry No. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate was directed to consider, submit proposed findings of fact and make recommendations for disposition as to the following motion. Pending before the Court is defendant's motion for summary judgment (Docket Entry No. 14).

Plaintiffs, James Elkins, Sr. and Mary Jo Elkins, individually and as parents and guardians of James Albert Elkins II, Tennessee citizens, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against defendant Merrell Dow Pharmaceuticals, Inc. (formerly Richardson–Merrell, Inc. and hereinafter "Merrell"), a Delaware corporation with its principal place of business in Ohio. Merrell manufactured and sold the drug Bendectin from 1956 to 1983. Bendectin is designed to treat the "morning sickness" which pregnant women suffer. Mary Jo Elkins took this drug while carrying plaintiff James Albert Elkins II ("Elkins"). Elkins was subsequently born with severe birth defects.

On October 31, 1991, the Magistrate recommended that consideration of the pending motion be stayed pending the Court of Appeals' ruling on an appeal from *Turpin v. Merrell Dow Pharmaceuticals*, 736 F.Supp. 737 (E.D.Ky.1990). (Docket Entry No. 29). On January 28, 1992, the Court adopted this recommendation. (Docket Entry No. 30).

On March 11, 1992, the Court of Appeals affirmed summary judgment for Merrell. *See Turpin v. Merrell Dow Pharmaceuticals, Inc.*, 959 F.2d 1349 (6th Cir.1992). The Court of Appeals held that epidemiological evidence was not conclusive on the issue of causation. *Id.* at 1357. On the other hand, the Court of Appeals considered plaintiff's evidence and concluded that "the factual and theoretical bases articulated for the scientific opinions stated will not support a finding that Bendectin more probably than not caused the birth defect here." *Id.* at 1359. The Court of Appeals held that the animal studies relied upon by plaintiff's experts did not prove causation in humans.

Here, the record's explanation of the animal studies is simply inadequate. Although the animal studies themselves may have been scientifically performed, the exact nature of these tests is explained only in general terms. The record fails to make clear why the varying doses of Bendectin or doxyalamine succinate given to the rats, rabbits and *in vitro* animal cells would permit a jury to conclude that Bendectin more probably than not causes limb defects in children born to mothers who ingested the drug at prescribed doses during pregnancy. The analytical gap between the evidence presented and the inferences to be drawn on the ultimate issue of human birth defects is too wide. Under such circumstances, a jury should not be asked to speculate on the issue of causation.

*Id.* at 1360.

The Magistrate notes that the evidence submitted in *Turpin* is virtually identical to the evidence submitted in this action. The *Turpin* plaintiff also suffered limb deformities in circumstances which are similar to the ones at issue here. *See id.* at 1350.

Accordingly, the Magistrate recommends that Merrell's motion for summary judgment be granted. If there are any meaningful distinctions between the present case and *Turpin*, the parties may raise them in their objections to this Report and Recommendation. The Magistrate further recommends that if such objections are made that the Court should remand this action to the Magistrate for further consideration. Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed to this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of

receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986).

Entered this the 19th day of March, 1992.